# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) |
| v. | ) ) No. 3-21-cr-00011-L |
| SURGICAL CARE AFFILIATES, LLC and SCAI HOLDINGS, LLC, | ) ) ) ) |
| *Defendants*. | ) ) |

## DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

Defendants file the instant notice to bring to the Court's attention a recently decided authority in support of Defendants' motion to dismiss the Indictment. ECF No. 38. In *United States* v. *Patel*, No. 21-cr-00220-VAB (D. Conn.), another no-poach case, the court issued an Order granting judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The government previously submitted *Patel* as additional authority opposing Defendants' motion to dismiss the Indictment here. ECF No. 190. But the case strongly supports Defendants' motion. ECF No. 38.

*Patel* confirms as a matter of law that an alleged no-poach agreement is not *per se* unlawful if it merely constrains or restricts employee movement. In *Patel,* the court concluded that, *even assuming* the government proved there was an agreement between defendants to restrict hiring in the relevant labor market by preventing "transfer between [companies] without the permission of both the [employees'] former and future [employer]," such an agreement "does not allocate the [relevant labor] market . . . to any meaningful extent." Ruling and Order on Defendants' Motions for Judgment of Acquittal at 13, *United States* v. *Patel*, No. 21-cr-00220-VAB (D. Conn. Apr. 28, 2023), ECF No. 599 [hereinafter, "Rule 29 Order"] (citing *Bogan* v.

*Hodgkins*, 166 F.3d 509, 515 (2d Cir. 1999)).  In granting defendants' motion for acquittal, the court observed that, as a matter of law, the charged no-poach agreements were not *per se* illegal because "[defendant] could hire from [a co-conspirator], if he obtained permission from [a co-conspirator]," and because there was evidence of movement between the companies.  *Id*.  As *Patel* recognized, ignoring the distinction between an agreement that merely constrains employee movement, on one hand, and one that ceases meaningful competition, on the other, would "expand the common and accepted definition of market allocation in a way not clearly used before."  *Id.* at 18 n.7.

      This holding is directly on point here.  The SCA Indictment charges two agreements that, at most, established a hiring protocol between the alleged co-conspirators that did not foreclose employment movement.  Concerning Company A, the Indictment alleges that as part of the agreement, the alleged co-conspirators required senior-level employees "who applied to the other company to notify their current employer that they were seeking other employment *in order for their applications to be considered*."  Indict. ¶11(d) (emphasis added).  Relatedly, the Indictment alleges that SCA executives received the instruction that it was "*OK if we get an inbound inquiry and the leader has communicated within [Company A] that they want to leave* . . . ."  Indict. ¶11(f) (emphasis added).

      Similarly, concerning Company B, the Indictment alleges that the co-conspirators merely required their senior-level employees to provide notice to their employer before being hired.  Indict. ¶19(d).  The Indictment alleges that SCA's human resources executive was instructed by one of the alleged architects of the agreement that SCA "would only *speak with senior executives if they have told their boss already that they want to leave and are looking*."  Indict. ¶19(d) (emphasis added).  This structure was even explained to SCA's outside consultant: "*In order to*

2

*pursue [candidate]*, he would need to have already communicated that he is planning to leave [Company B] . . . ." Indict. ¶19(g) (emphasis added). Accordingly, as in *Patel*, although the agreements charged here allegedly constrained employee movement, they plainly did not foreclose it altogether, as the Indictment alleges that notice by the senior-level employee to his or her employer sufficed to allow employee movement. As such, the Indictment fails to allege a *per se* violation as a matter of law and must be dismissed.

The fact that *Patel* was decided at the close of the government's case at trial is of no moment. The district judge initially denied a motion to dismiss the indictment because, "[t]here were no facts in the Indictment that would have suggested that the alleged agreements did not actually allocate the market." Rule 29 Order at 12 n.3. Here, by contrast, and as explained, the Indictment contains specific allegations demonstrating the absence of market allocation. By affirmatively alleging that the companies had hiring protocols that permitted employee movement, the Indictment does not plead a *per se* violation of the antitrust laws and thus must be dismissed.

More fundamentally, *Patel* confirms that the kinds of no-poach agreements charged here are not the kind of narrow *per se* restraint reserved for conduct that judicial experience has shown "would always or almost always tend to restrict competition and decrease output." Rule 29 Order at 7 (citing *Leegin Creative Leather Prods., Inc.* v. *PSKS, Inc.*, 551 U.S. 877, 886 (2007)). As Defendants explained in their motion to dismiss, "only a handful of courts have even considered challenges to employee non-solicitation agreements—all in the civil context, and all over the past decade." ECF No. 38-1, at 8. Indeed, this case marked the first time the government charged *anyone* criminally for adopting an alleged no-poach agreement. Since then, not only did *Patel* result in a judgment of acquittal, but *three* other juries have acquitted

3

defendants the government alleged had entered into unlawful no-poach agreements. *See* Verdict of the Jury, *United States* v. *Manahe*, No. 22-cr-0013 (D. Me. Mar. 22, 2023), ECF No. 247; Verdict of the Jury, *United States* v. *DaVita, Inc.*, No. 21-cr-0229 (D. Colo. Apr. 15, 2022), ECF No. 264;  Verdict of the Jury, *United States* v. *Jindal*, No. 20-cr-0358 (E.D. Tex. Apr. 14, 2022), ECF No 112.  There is hardly sufficient judicial experience to declare that alleged no-poach agreements are always anticompetitive, which independently bars applying the *per se* rule here.

There is simply no need to waste judicial and party resources preparing for and conducting a trial before applying this most recent development.  The facts affirmatively alleged in the Indictment already make clear that it fails to assert a *per se* violation.  And, it is undisputed that hiring occurred between and among the alleged co-conspirators throughout the duration of the charged conspiracies.  *See also* Rule 29 Order at 17 ("Indeed, many engineers or other skilled laborers were hired between and among the supplier companies during the relevant time period.").  If the government disagrees, it may pursue appellate review under 18 U.S.C. § 3731 without any risk that double jeopardy might bar further proceedings.  Under these circumstances, dismissal of the Indictment is entirely appropriate.

Dated: May 9, 2023                               Respectfully submitted,

*s/Taj J. Clayton*                               *s/Robert L. Webster*
TAJ J. CLAYTON, P.C.                             ROBERT L. WEBSTER
Kirkland & Ellis LLP                             7557 Rambler Road, Suite 525
4550 Travis Street                               Dallas, TX  75231
Dallas, TX  75205                                469-758-4150
214-972-1774                                     469-758-4160 (fax)
214-972-1771 (fax)                               Texas Bar No. 21053375
Texas Bar No. 24050427

                                                 DAVID B. ANDERS*
JAMES H. MUTCHNIK*                               CARRIE M. REILLY*
DANIEL E. LAYTIN*                                KEVIN S. SCHWARTZ*
Kirkland & Ellis LLP                             Wachtell, Lipton, Rosen & Katz
300 North LaSalle                                51 West 52nd Street
Chicago, IL  60654                               New York, NY  10019

*Counsel for Defendant*
*SCAI Holdings, LLC*                             *Counsel for Defendant*
                                                 *Surgical Care Affiliates, LLC*

                                                 * admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system per Local Rule 49.2.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Taj J. Clayton*
Taj J. Clayton
